United States District Court
Southern District of Texas
**ENTERED**
August 22, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| VS. | § § CRIMINAL ACTION NO. 3:16-CR-20 § § § § |
| TERRI ANN KACZ | § |

## ORDER

Terri Ann Kacz was sentenced by Judge Junell in the Western District of Texas to 51 months in prison and five years of supervised release on one count of aiding and abetting possession with intent to distribute 377.81 kilograms of marijuana (Dkt. 1-2 at pp. 1–3; Dkt. 1-4 at p. 1). *See* 18 U.S.C. § 2 *and* 21 U.S.C. § 841(a)(1). During Kacz's prison term, Judge Junell *sua sponte* reduced Kacz's sentence to 41 months under 18 U.S.C. § 3582(c)(2) based on an amendment to the United States Sentencing Commission Guidelines. *See* Western District of Texas Case Number 4:14-CR-13 at Dkt. 92 and Dkt. 94. Kacz was released from prison and began serving her term of supervised release on August 12, 2016 (Dkt. 1 at p. 1). Three months later, on November 19, 2016, this Court accepted jurisdiction over Kacz from Judge Junell (Dkt. 1 at p. 1). Kacz has now served two years of her five-year term of supervised release, apparently without incident, and has filed a *pro se* motion requesting that the Court terminate her supervised release (Dkt. 3). The Court will **DENY** the motion without prejudice to refiling.

Under 18 U.S.C. § 3583(e)(1), a district court may terminate a term of supervised release at any time after the defendant has served one year of supervised release. As the Fifth Circuit has explained, the determination of whether termination is appropriate is multifaceted and highly discretionary:

> The statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence. These are largely the same considerations the court must assess when imposing the original sentence. After weighing these factors, the court may discharge the defendant from supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. In sum, the statute confers broad discretion.
> *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998) (quotation marks and citation omitted).

Specifically, the pertinent factors alluded to in the above-quoted passage from *Jeanes* are:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant:

(2) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(3) The need for the sentence imposed to protect the public from further crimes of the defendant;

(4) The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(5) The kinds of sentence and the sentencing range established for the category of offense and category of defendant and whether the terms of supervised release were violated;

(6) Pertinent policy statements by the Sentencing Commission;

(7) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) The need to provide restitution to any victims of the offense.
See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7).

"Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required." *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013); *see also United States v. Jimenez*, Nos. 99 Cr. 1110-02 and 99 Cr. 1193-04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."). "[E]arly termination is usually granted only in cases involving changed circumstances, such as *exceptionally* good behavior" by the defendant, that render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of 18 U.S.C. § 3553(a). *United States v. Smith*, No. 3:10-CR-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) (emphasis added) (collecting cases); *see also United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

There does not seem to be any question that Kacz has, as she puts it, done "everything that was asked of her" (Dkt. 3 at p. 1). The Court takes Kacz at her word that she is sober, working, and living on her own; that she has sought addiction counseling; and that she is volunteering at food banks in Houston and Alvin (Dkt. 3 at pp. 1–2). But Kacz's supervised release terms require her to stay sober, find a job, and submit to

addiction evaluation and treatment anyway (Dkt. 1-2 at pp. 3–6). And volunteer work at food banks, while commendable, does not constitute the sort of "exceptionally good" behavior that would warrant a 60-percent reduction in Kacz's five-year supervised release term.

Kacz deserves praise for adhering to the terms of her supervised release, and the Court strongly encourages her to continue on the path she has been traveling for the last two years. However, Kacz is still "a convicted felon, and certain consequences flow from choices [she] has made." *Jeanes*, 150 F.3d at 485 (quoting district court's opinion) (quotation marks omitted). In that vein, the Court must consider, among other things, whether terminating Kacz's supervised release at this juncture will "afford adequate deterrence to criminal conduct[.]" 18 U.S.C. § 3553(a)(2)(B). For now, the Court finds that Kacz should continue to be supervised by the probation office. If the probation office concludes that Kacz poses little danger to the community and is in no danger of recidivating, it can weaken her reporting requirements or otherwise modify her conditions of supervised release. *Jeanes*, 150 F.3d at 484–85. But it is simply too early to remove her from the probation office's supervision altogether.

The Court **DENIES** Kacz's motion to terminate her supervised release without prejudice to refiling that motion.

SIGNED at Galveston, Texas, on August 21, 2018.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE